*Dooley v. JetBlue Airways Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

SHARI DOOLEY,

        *Plaintiff-Appellant,*

        v.                                    No. 15-1356-cv

JETBLUE AIRWAYS CORPORATION,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**              John R. Olsen, The Olsen Firm, Niwot, CO.

**FOR DEFENDANT-APPELLEE:**              Matthew A. Steinberg, Akerman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN**

**PART**, insofar as it dismissed plaintiff's ADA failure-to-accommodate, Title VII retaliation, and Title VII discrimination claims, **AND VACATED AND REMANDED IN PART**, insofar as it dismissed plaintiff's ADA discrimination claim.

Plaintiff Shari Dooley ("Dooley") appeals from the District Court's April 2, 2015 judgment dismissing her amended complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In Dooley's amended complaint, she alleged that defendant JetBlue Airways Corporation ("JetBlue") discriminated against her on the basis of her disability or perceived disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); discriminated against her on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); retaliated against her for complaining about such sex discrimination, in violation of Title VII; and failed to accommodate her disability, in violation of the ADA. Dooley initiated her action after JetBlue fired her from her job as an inflight crewmember following its determination that she had improperly taken leave on several occasions before she became disabled. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]hen reviewing a motion to dismiss, we accept all factual allegations in the complaint as true and draw all reasonable inferences in the [plaintiff's] favor." *Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.*, —F.3d—, 2015 WL 7146515, at *1 n.1 (2d Cir. Nov. 16, 2015). "[T]hat tenet," however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 165 (2d Cir. 2015) (internal quotation marks omitted).

Upon independent review of the relevant facts and law, we affirm the District Court's dismissal of Dooley's ADA failure-to-accommodate, Title VII retaliation, and Title VII discrimination claims, but vacate the District Court's dismissal of her ADA discrimination claim, and remand the cause for further proceedings consistent with this order.

## I.     ADA Failure to Accommodate Claim

We turn first to Dooley's claim that JetBlue failed to accommodate her disability, in violation of the ADA. To plead a failure-to-accommodate claim, a plaintiff must allege that "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of N.Y.*, 711 F.3d 120, 125–26 (2d Cir. 2013).

Dooley's failure-to-accommodate claim appears to be premised on JetBlue's alleged failure to train her for the "transitional duties" to which she returned following her disability leave. A-36–37. But Dooley does not allege that she ever requested any such training. She alleges only that "it is highly probable that [JetBlue] never" "engage[d] in a meaningful exchange of ideas about the

2

feasibility of the" training with her. A-37. Dooley's claim therefore fails to satisfy the fourth prong, as an employer cannot "refuse[ ] to make [an] accommodation[ ]," *McMillan*, 711 F.3d at 126, that it was never asked to make, *see Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 129 (1st Cir. 2009) ("An employer's duty to accommodate an employee's disability is ordinarily activated by a request from the employee, and the request must be sufficiently direct and specific to give the employer notice of the needed accommodation." (citations and internal quotation marks omitted)).

## II. Title VII Retaliation Claim

We next address Dooley's claim that JetBlue retaliated against her for complaining about sex discrimination, in violation of Title VII. "To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315–16 (2d Cir. 2015). "[T]he allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973),] in the initial phase of a Title VII litigation." *Id.* at 316.

Dooley argues that she has given plausible support to the fourth prong because "[t]he causal connection may be shown by close temporal proximity of the complaint of discrimination to the employment action disadvantaging plaintiff," and in her amended complaint, she "point-blank set forth the fact that she complained about discrimination within the internal appeal of her termination. Her appeal was then denied. The close temporal proximity of one to the other was evident." Pl.'s Br. 45 (emphasis removed).

Dooley is correct that "[a] causal connection in retaliation claims can be shown . . . by showing that the protected activity was followed closely by discriminatory treatment . . . ." *Littlejohn*, 795 F.3d at 319. Although "[w]e have not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *id.* (internal quotation marks omitted), the Supreme Court has suggested that "the temporal proximity must be very close," *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted); *accord Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014) (same).

Notwithstanding Dooley's argument to the contrary, the temporal relationship between her sex-discrimination complaint and the denial of her internal appeal is not "evident," as her amended complaint provides no date for either event. In fact, Dooley does not even allege that there was close temporal proximity between them. All we know is that both occurred after she was fired. Dooley's claim therefore fails to satisfy the fourth prong, as it is impossible to determine whether "the temporal proximity [between the two events is] very close." *Clark*, 532 U.S. at 273 (internal quotation marks omitted); *cf. Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001) (holding that the plaintiff's "failure to set forth a time frame" in which his protected activity and the adverse action took place "preclude[d] [an] inference of a causal relationship" between them and warranted

3

dismissal of his First Amendment retaliation claim), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), *as recognized by Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009).

### III.    Title VII Discrimination Claim

We turn now to Dooley's claim that JetBlue discriminated against her on the basis of her sex, in violation of Title VII. Like Dooley's Title VII retaliation claim, her Title VII discrimination claim is governed by *McDonnell Douglas. See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 73–74 (2d Cir. 2015).

"Under the *McDonnell Douglas* framework, [the plaintiff] bears the burden of establishing a prima facie case of discrimination by showing (1) [s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir. 2015) (internal quotation marks omitted). But "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted). Indeed, as concerns the fourth prong, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Id.* (internal quotation marks omitted). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted). Additionally, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Littlejohn*, 795 F.3d at 311 n.9 (internal quotation marks omitted); *accord Vega*, 801 F.3d at 84 n.7 (same).

Dooley argues that the District Court erred in dismissing her Title VII discrimination claim because she adequately pleaded disparate treatment, which "is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case," and "requires the plaintiff to show that the employer treated . . . her less favorably than a similarly situated employee outside of the protected group." *Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) (internal quotation marks omitted). Specifically, Dooley argues that she "showed that she and [two male] comparators (a) worked in the same job title and capacity . . . , (b) were injured on the job, (c) missed a lot of work because of their injuries, [and] (d) were returned to work by the company, [but the two male comparators] (e) were not disciplined let alone fired. These were the 'material' parallels that mattered." Pl.'s Br. 41.

The problem with Dooley's argument is that JetBlue's stated reason for firing her was not that she "missed a lot of work because of [her] injur[y]"—it was that she missed a lot of work *before she was injured. See* A-36 (stating that Dooley was injured on or about May 29, 2013); A-38 (describing Dooley's "absences for the period of January 5–12, February 17–20 and 23–25, 2013"). "In the

4

context of employee discipline, . . . the plaintiff and the similarly situated employee must have engaged in comparable conduct, that is, conduct of comparable seriousness." *Raspardo*, 770 F.3d at 126 (internal quotation marks omitted). Here, it simply cannot be said that the absences of the two male comparators, which were caused by job-related injuries, are comparable to Dooley's absences, which were not. *See* A-39 (alleging that Dooley missed work "because of an auto accident" and "because her daughter suffered an anaphylactic reaction"). As such, the District Court properly dismissed Dooley's Title VII discrimination claim.

## IV. ADA Discrimination Claim

Lastly, we consider Dooley's ADA discrimination claim, which is also governed by *McDonnell Douglas. See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). "The elements of a [discrimination] claim under the ADA are that: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Id.*

Although the elements of a prima facie case of discrimination under the ADA are thus different from those under Title VII, a plaintiff must still "demonstrat[e] that [s]he suffered an adverse employment action under circumstances giving rise to an inference of discriminatory intent" under the former statute. *See Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015). As noted above, however, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas* . . . to defeat a motion to dismiss," and with respect to the "inference of discriminatory intent" requirement, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation" at the pleading stage. *Vega*, 801 F.3d at 84 (internal quotation marks omitted).

Dooley has done so here. As she correctly argues, "[t]here was . . . proof of pretext in [her] . . . [a]mended [c]omplaint"—namely, that "[o]rdinarily[,] [JetBlue] follows a progressive discipline policy regarding dependability" that includes a multi-step process, but that she "was afforded none of these steps." Pl.'s Br. 28–29 (internal quotation marks omitted). When coupled with the closeness in time between the injury that caused her alleged disability and JetBlue's initiation of the process that ultimately resulted in her firing, *see* A-36–37 (alleging that Dooley was "suspended without pay pending an investigation of dependability" approximately two months after she was injured, and fired approximately one-and-a-half months thereafter), these allegations "give plausible support to a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (internal quotation marks omitted). *See Stern v. Trs. of Columbia Univ. of City of N.Y.*, 131 F.3d 305, 313 (2d Cir. 1997) (probative value of procedural irregularity in discrimination context); *cf. Littlejohn*, 795 F.3d at 319 (probative value of temporal proximity in retaliation context).

5

We also reject JetBlue's argument that Dooley has failed to plausibly allege she is disabled. *See* Def.'s Br. 13–16. Under the ADA, an individual is disabled if, *inter alia*, she has "a physical or mental impairment that substantially limits one or more [of her] major life activities," or she is "regarded as having such an impairment." 42 U.S.C. § 12102(1). "Th[is] definition of disability [is to be] construed in favor of broad coverage . . . ." *Id.* § 12102(4)(A). "[M]ajor life activities include . . . performing manual tasks, . . . lifting, . . . and working," *id.* § 12102(2)(A), and "an impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting," *Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 68 n.3 (2d Cir. 2014) (alterations and internal quotation marks omitted) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)). Here, Dooley has plausibly alleged that she meets this definition by stating that she "suffered a fracture and also damage to the ulnar and median nerve distributions, resulting in temporary total disability . . . and, ultimately, permanent partial disability with limitations on lifting and repetitive motion," A-36, and that her "injury took her off work for medical care and treatment." A-41.

Therefore, because Dooley has "give[n] plausible support to a minimal inference of discriminatory motivation," *Vega*, 801 F.3d at 84, and has plausibly alleged that she is disabled, we are required to vacate the District Court's dismissal of her ADA discrimination claims.[1]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the District Court's dismissal of Dooley's ADA failure-to-accommodate, Title VII retaliation, and Title VII discrimination claims, but **VACATE** the District Court's dismissal of Dooley's ADA discrimination claim, and **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We think it important to note that the District Court dismissed Dooley's ADA discrimination claim approximately four months before we decided *Littlejohn*—in which we announced for the first time that a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation," 795 F.3d at 311—and that its dismissal of such claim under the pre-existing law of this Circuit may very well have been appropriate. As such, the District Court can hardly be faulted for the holding that we vacate in this order.

6