17-2899
*Dooley v. JetBlue Airways Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand eighteen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　*Chief Judge*,
　　　　　DENNY CHIN,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*.

---

SHARI DOOLEY,

　　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　　No. 17-2899

JETBLUE AIRWAYS CORPORATION,

　　　　　　　*Defendant-Appellee*.

---

For Plaintiff-Appellant:　　　　　　　John R. Olsen, Louisville, CO.

For Defendant-Appellee:                    Matthew A. Steinberg, Akerman LLP, New
                                           York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This appeal involves a discrimination claim brought by Shari Dooley against her former employer, JetBlue Airways Corporation ("JetBlue"), under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Dooley appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*), entered in favor of the defendant on August 30, 2017. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, including as set forth in a prior summary order, *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16 (2d Cir. 2015).

Dooley, a flight attendant with JetBlue, injured her right wrist while working in May 2013. She was diagnosed with a "crushing" fracture, applied for workers' compensation, and was placed on occupational leave. Two months later, in July 2013, her doctor cleared her to return to work with the proviso that she not lift more than ten pounds with her right hand. JetBlue confirmed that she could return to work in a temporary light duty position as an airport greeter while her hand healed.

Shortly after Dooley accepted the light duty position, Dooley's supervisor, Andrea Isear, emailed her about absences she had accrued prior to her injury. Isear explained that six of Dooley's absences were categorized as "unavailable for assignment" occurrences or "UNAs"—instances where an employee cannot report to work because of an "unusual circumstance."

2

Emphasizing that six UNAs made Dooley eligible for final employment review, Isear asked Dooley to substantiate the UNAs immediately. Over the course of several days, Dooley protested Isear's categorization of her absences but did not provide the requested documentation. By the end of the week, with Dooley having worked just two shifts as a greeter, JetBlue notified her that it was suspending her without pay and opening an investigation into her attendance record. The following month she was terminated.

In June 2014, Dooley filed suit against JetBlue, asserting various claims under the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). This Court previously affirmed the dismissal of all of Dooley's claims except her ADA discrimination claim, as to which we vacated the decision below in light of an intervening change in the law announced in *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). *See Dooley*, 636 F. App'x at 18, 21 n.1. We held that Dooley stated a plausible claim for relief under the ADA because she alleged (1) she was not afforded the multi-step process usually associated with JetBlue's progressive discipline policy and (2) she was terminated shortly after her injury occurred. *Id.* at 21. On remand, the parties conducted full discovery, after which the district court granted JetBlue's motion for summary judgment. *Dooley v. JetBlue Airways Corp.*, No. 14-CV-4432, 2017 WL 3738721, at *1 (S.D.N.Y. Aug. 29, 2017).

Dooley challenges the district court's conclusion that she failed to make out a prima facie case of disability discrimination. The parties dispute whether Dooley was qualified to perform her job and whether she was terminated "under circumstances giving rise to an inference of discrimination." *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (citation omitted); *see also id.* (setting out elements of an ADA discrimination claim).

3

We need not decide this issue, however, because, even assuming that Dooley adequately established a prima facie case of discrimination, JetBlue offered evidence of a legitimate non-discriminatory basis for Dooley's termination. The testimony of JetBlue's employees and the company's internal documents consistently show that Dooley was terminated because she accrued six UNA absences in a rolling twelve-month period, which renders an employee eligible for termination. After suspending Dooley, the company conducted an investigation and ultimately concluded that she violated company policy by making several false statements during the investigation, including denying that she had cited medical leave (for which she was not authorized) as the basis for a few of her callouts and falsely stating that she reported an April 2013 no-show prior to her scheduled report time. Although Dooley disputes JetBlue's characterization of these absences and the types of corroboration the company insisted on, in the absence of evidence that these decisions were motivated by disability discrimination, we will not "act as a super personnel department that second guesses [JetBlue's] business judgments." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted).

Dooley has not identified sufficient admissible evidence of pretext to permit a jury to return a verdict in her favor. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803-05 (1973); *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997) (stating that evidence of pretext must be admissible). As to the lack of any pre-termination discipline, JetBlue's crewmember handbook explains that if a flight attendant accrues additional absences before she has an opportunity to meet with her supervisor, when the meeting ultimately takes place, the flight attendant will be given the level of discipline associated with the total number of absences at that time. That is exactly what happened here. And, as to temporal proximity, because

Dooley's repeated false invocations of medical leave each took several weeks for JetBlue to verify and correct, JetBlue did not confirm that Dooley had hit the threshold of six UNA absences until after she was injured, which explains why the company raised this issue with Dooley immediately upon her return to work. In addition, although Dooley claims that other employees with absences were treated differently, she has not produced any admissible evidence to this effect. Finally, because there is no evidence that the discipline Dooley received because of her infractions while serving as an airport greeter was motivated by her disability, it is not indicative of pretext.

We have considered all of Dooley's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk